# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE S.,[1] | : | Case No. 2:23-cv-01357 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ORDER

This matter is before the Court on Defendant's Amended Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment ("Amended Motion"). (Doc. No. 9.) On April 17, 2023, Plaintiff filed a Complaint under 42 U.S.C. §§ 405(g) and 1383(c) for a review of a final decision by the Commissioner of Social Security. (Doc. No. 1.) Defendant filed a Motion to Dismiss in which it argued that Plaintiff's Complaint is time-barred. (Doc. No. 7.) In response to this Court's order, Defendant filed an Amended Motion that was supported by a Declaration from Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration; and the Administrative Law Judge (ALJ) Notice of Unfavorable Decision. (Amended Motion, Doc. No. 9.)

---

[1] *See* S.D. Ohio General Rule 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.")

In her Response in Opposition, Plaintiff argued that the applicable filing deadline was April 17, 2023. ("Response," Doc. No. 10 at PageID 60.) In the alternative, Plaintiff argued that the Court should accept the untimely filing under Federal Rule of Civil Procedure 6(b)(1)(B) because it was the result of excusable neglect. (*Id.* at PageID 62-63.) The Court notes that Plaintiff did not file a formal motion as required by Rule 6(b)(1)(B). However, because Plaintiff invoked the doctrine of excusable neglect, and in the interest of deciding cases upon their merits, the Court will construe Plaintiff's Response as a Motion to Extend the Filing Deadline.

For the reasons discussed below, Plaintiff's Motion to Extend the Filing Deadline is **GRANTED** and Defendant's Amended Motion (Doc. No. 9) is **DENIED**.

I.     **UNDISPUTED FACTS**

Plaintiff filed an application for Child Disability Benefits and Supplemental Security Income in January 2018. (Amended Motion, Doc. No. 9-1 at PageID 38, 49-50.) The Administrative Law Judge (ALJ) issued an unfavorable decision on March 23, 2020, and the Appeals Council denied Plaintiff's request for review on October 27, 2020. *See* Complaint (Doc. 1-2) in *Jessie S. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 2:20-cv-6557. After Plaintiff filed a lawsuit in this Court seeking judicial review, the parties filed a joint motion to remand and the Court granted the motion. *See* Order (Doc. 20) in *Jessie S. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 2:20-cv-6557.

Upon remand to the Commissioner, the ALJ issued another unfavorable decision on December 12, 2022. (*Id.* at PageID 38-50.) The ALJ's decision informed Plaintiff that

2

if she did not file written exceptions to the Appeals Council—and if the Appeals Council did not choose to review the ALJ's decision on its own—then the ALJ's decision would become final "on the 61st day following the date of [the] notice." (*Id.* at PageID 36.) The decision further informed Plaintiff that after the ALJ's decision became final, she would have 60 days to file a new civil action in Federal district court. (*Id.*)

Plaintiff did not file written exceptions and the Appeals Council did not review the decision on its own. Therefore, assuming *arguendo* that Plaintiff was required to file this lawsuit 121 days after the date of the ALJ's decision, the filing deadline was April 12, 2023. Plaintiff filed this lawsuit five days later, on April 17, 2023.

## II. STANDARD OF REVIEW

Because Defendant's Motion relies upon matters outside of the pleadings, the Court will analyze it under the standard applicable to motions for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Plaintiff had notice of Defendant's alternate request for summary judgment and therefore had the opportunity to submit evidentiary materials in response to the Motion. Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and "the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citation omitted). Once the moving party meets its initial burden, the nonmovant is required to "cit[e] to particular parts of materials in the record" to show that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts" and must point to "evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (citation omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. DISCUSSION

Defendant argues that Plaintiff's Complaint "is time-barred because she filed it outside of the time limit for filing an action in federal court." (Amended Motion, Doc. No. 9 at PageID 24.) Defendant contends that the deadline to commence this action was April 12, 2023, and that Plaintiff's filing on April 17, 2023 was untimely. (*Id.* at PageID 25; citing Doc. No. 1.) Plaintiff contends that the applicable filing deadline was April 17,

2023. (Response, Doc. No. 10 at PageID 60.) In the alternative, Plaintiff requests that the Court extend the filing deadline because of excusable neglect. (*Id.* at PageID 62-63.)

### A. Applicable Law

The Social Security Act imposes a sixty-day deadline on claimants who wish to seek judicial review of a final unfavorable agency decision:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The application of this sixty-day deadline varies depending upon the implementing regulation and type of administrative appeal at issue.

Most claimants who seek judicial review of unfavorable SSA decisions have not previously sought judicial review of their claims. For these claimants, the regulation that governs their administrative appeal to federal court is 20 C.F.R. § 422.210. This regulation provides that the 60-day appeal period will not begin to run until after the claimant has *received* the Appeals Council notice that made the ALJ's decision final, and it also presumes that receipt will occur within five days:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ]'s decision or notice of the decision by the Appeals Council *is received* by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

5

20 C.F.R. § 422.210(c) (emphasis added). Therefore, claimants who have not previously sought judicial review may timely file a civil action in federal court within **sixty-five** days of the date of the Appeals Council's notice (or longer, if they can rebut the presumption that the notice arrived within five days of its issuance). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). The Sixth Circuit requires strict adherence to this deadline. *Cook*, 480 F.3d at 437 ("Although allowing [the plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 51 (6th Cir. 2008) (affirming the dismissal of a complaint that was filed five days after the deadline).

      A different regulation applies to claimants who are seeking judicial review for a second, third, or later time, after a federal court previously remanded the claim and the Commissioner issued another decision. 20 C.F.R. § 404.984. Such a claimant may—but need not—seek Appeals Council review. *Id*. If the claimant does not timely file written exceptions to the Appeals Council, and if the Appeals Council does not otherwise assume jurisdiction within sixty days after the date of the ALJ decision, then the decision of the ALJ becomes final. 20 C.F.R. § 404.984(d). Once the decision has become final, the claimant must comply with the sixty-day-deadline set forth in Section 405(g) for obtaining judicial review. Unlike the regulation in 20 C.F.R. 422.210, this regulation does <u>not</u> delay the running of the sixty-day deadline until after the claimant has **received** a

6

notice from the Appeals Council, and it does not contain a five-day mailing period. Instead, the sixty-day deadline begins to run from the date the decision becomes final.

### B. Plaintiff's Complaint Was Untimely.

The authenticated copy of the Notice of the ALJ Decision is dated December 12, 2022. (Amended Motion, Doc. No. 9-1 at PageID 35.) Plaintiff did not file exceptions with the Appeals Council, and the Appeals Council did not *sua sponte* review the decision. (*See* Doc. No. 9; Doc. No. 10.) Because Plaintiff previously sought judicial review, the governing regulation was 20 C.F.R. § 404.984. The ALJ decision became final on February 11, 2023, which was the sixty-first day following the ALJ decision. 20 C.F.R. 404.984(a), (c), (d). Plaintiff had sixty days after that date—until April 12, 2023—to file this lawsuit. 42 U.S.C. § 405(g). But she did not file it until April 17, 2023.

Plaintiff argues that the appropriate deadline for filing her complaint was April 17, 2023. (Response, Doc. No. 10 at PageID 60.) Plaintiff cites to the Notice of the ALJ Decision: "[T]he 'Appeals Council assumes that you got this notice within 5 days after the date of the notice, unless you show that you did not get it within the 5-day period.'" (*Id.* at PageID 61; citing Doc. No. 9-1 at PageID 35.) According to Plaintiff, the five-day grace period that applies to filing Appeals Council objections should also apply to the time limit for directly appealing the ALJ decision to federal court. (Response, Doc. No. 10 at PageID 62.)

Plaintiff did not cite any case law that supports her argument, which is not well-taken. As explained above, the regulation that tolls the sixty-day deadline until the

7

claimant's receipt of the decision, and that adds a five-day mailing period, applies only to claimants who have not previously sought judicial review. 20 C.F.R. § 422.210. The regulation that applies to claimants like Plaintiff, who have previously sought judicial review, does not contain these provisions. 20 C.F.R. § 404.984. These claimants have only 121 days to seek judicial review. *See Kennedy, o/b/o Kennedy v. Colvin,* No. 2:16-CV-453, 2017 WL 978252, at *1 (S.D. Ohio Mar. 14, 2017) (Kemp, M.J.) ("[T]he ALJ's decision [dated December 28, 2015] became the final decision of the Commissioner on February 26, 2016. Accordingly, Plaintiff had until April 27, 2016, to file a civil action."), *report and recommendation adopted sub nom. Kennedy O/B/O Kennedy v. Comm'r of Soc. Sec.*, No. 2:16-CV-453, 2017 WL 3726052 (S.D. Ohio Aug. 28, 2017) (Watson, D.J.); *Tollon v. Comm'r of Soc. Sec.*, No. 1:21-CV-1507, 2022 WL 2286214, at *1 (N.D. Ohio June 24, 2022) ("Accordingly, the ALJ's decision [dated May 26, 2021] became final on Monday, July 26, 2021, and Plaintiff then had until Friday, September 24, 2021 to file a civil action before the Court."); *Arrington-Andrews v. Comm'r of Soc. Sec.*, No. 15-10519, 2015 WL 6082424, at *3 (E.D. Mich. Aug. 25, 2015) ([T]he ALJ's decision [dated January 21, 2014] became the final decision of the Commissioner on March 23, 2014. After the decision became final, Plaintiff had 60 days (*i.e.,* until May 22, 2014) to commence an action in Federal court."), *report and recommendation adopted*, No. 15-10519, 2015 WL 6043762 (E.D. Mich. Oct. 15, 2015).

Plaintiff's lawsuit is therefore untimely. Absent a finding of excusable neglect, the Complaint must be dismissed.[2]

### C. Nevertheless, The Court Finds Good Cause to Extend the Filing Deadline Under Federal Rule of Civil Procedure 6(b)(1)(B).

Plaintiff argues in the alternative that the Court should accept Plaintiff's late filing because it was the result of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).[3] (Response, Doc. No. 10 at PageID 62.) Because Plaintiff has invoked the doctrine of excusable neglect, the Court will construe Plaintiff's Response as a Motion to Extend the Filing Deadline.

The excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). To determine whether excusable neglect exists, the Court must balance five principal factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (*citing*

---

[2] Because Plaintiff neither invoked the doctrine of equitable tolling nor pointed to any evidence that would support its application here, the Court will not address it.

[3] Plaintiff actually cited to Rule 6(b)(2) of the Federal Rules of Civil Procedure. (Response, Doc. No. 10 at PageID 62.) This appears to be a typographical error, as Rule 6(b)(2) sets forth the exceptions for when a court *must not* extend the filing deadline. Fed. R. Civ. P. 6(b). The Court will assume that Plaintiff intended to cite to Rule 6(b)(1)(B), which explains that a court may extend the deadline for filing for good cause, "if the party failed to act because of excusable neglect." *Id.*

9

*Pioneer,* 507 U.S. at 395. Further, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by the circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

The Sixth Circuit has held that excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)); *see also Neal v. Ellis*, 2018 U.S. App. LEXIS 23984, *7 (6th Cir. 2018) (citing *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citation omitted)). However, decisions to extend deadlines or accept late filings fall within the district court's "broad discretion to manage its docket." *Hearod v. Fifth Third Bank*, No. 1:17-CV-175, 2022 WL 831312, at *2 (S.D. Ohio Mar. 21, 2022) (Black, D.J.) (citing *ACLU of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010)); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)).

Applying the relevant factors to this case, the Court notes that Plaintiff's counsel filed the Complaint just five days after the filing deadline. Turning to the reason for the delay, Plaintiff's counsel explained that the late filing was "an unavoidable consequence of unexpected health complications" that she experienced. (Response, Doc. No. 10 at PageID 63.) Specifically, Plaintiff's counsel underwent emergency surgery at the end of March 2023 and "the recovery period, which was longer than expected, resulted in

10

significant disruptions to counsel's ability to attend to her professional responsibilities." (*Id.*) Upon her return to work, Plaintiff's counsel "immediately attended to this case and filed the Complaint as soon as physically possible." (*Id.*)

The Court finds that the health issues of Plaintiff's counsel were outside of her control and caused the untimely filing. These factors weigh in favor of Plaintiff's request. *See In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994) ("Rather, excusable neglect includes sudden death, disability or illness of counsel or the party or unusual delay in the mails.") (citing *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966)). Also weighing in Plaintiff's favor is the lack of evidence that Plaintiff or her counsel acted in bad faith.

The Court recognizes that allowing untimely filings in cases involving Social Security administrative appeals will cause some prejudice to the Commissioner. *See Cook*, 480 F.3d at 437. Nevertheless, under the unique circumstances of this case, the balance of the applicable factors leads the Court to conclude that Plaintiff's untimely filing resulted from excusable neglect under Rule 6(b)(1)(B). Accordingly, for good cause shown, the Court **GRANTS** Plaintiff's Motion to Extend the Filing Deadline and **DENIES** Defendant's Amended Motion.

    **IT IS SO ORDERED.**

                                        *s/ Caroline H. Gentry*
                                        Caroline H. Gentry
                                        United States Magistrate Judge